UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CASE NO. 5:15-CV-00296-JMH
*Electronically Filed*

JANE DOE                                                                                          PLAINTIFF

v.        **PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS**

UNIVERSITY OF KENTUCKY                                                          DEFENDANT

***** ***** *****

Comes the Plaintiff, Jane Doe, and respectfully submits this Memorandum of Law in Opposition to the Defendant's Motion to Dismiss. For the reasons explained more fully below, Defendant's Motion should be denied.

I.        **INTRODUCTION**

The University has suggested that Jane Doe brought this suit because she is dissatisfied with the outcome of the University's disciplinary proceedings and wants the University to expel Student B[1] without due process. Student B has been found responsible for misconduct in each of the three prior University hearings. Jane Doe has every expectation Student B will continue to be found responsible as he has in the three prior hearings, as he violently raped her on October 2, 2014.

Jane Doe brought this suit not because she wants the University to violate Student B's due process rights, but because the University has violated her rights at every turn of

---

[1] Plaintiff referenced the student who sexually assaulted her as "the other student" in her Complaint but will refer to him herein as Student B in order to remain consistent with the University's designation in its Memorandum.

1

the on-campus grievance process. The University wishes the court to believe that the due process rights of Student B and the rights Jane Doe has under Title IX are mutually exclusive. This is patently incorrect. The University has an obligation to both Jane Doe and Student B. As the University has acted in a way that is clearly unreasonable in light of known circumstances, Jane Doe brought suit against the University. *Davis v. Monroe County Bd. Of Educ.*, 526 U.S. 629, 649 (1999).

## II.     COUNTERSTATEMENT OF FACTS

On October 2, 2014, Jane Doe, a freshman enrolled in the dual enrollment partnership between Bluegrass Community and Technical College and the University of Kentucky, was violently sexually assaulted by Student B in her dorm on the University premises. (Pet'r's Compl. ¶7). The University initiated its grievance process almost immediately and told Jane Doe that the Univeristy would act as her lawyer. *Id.* at ¶10. University hearing took place on October 8, 2014 and Student B was found responsible. *Id.* at ¶16.

Shortly after the incident, Jane Doe became the target of harassment on campus and online in social media. Both UK Police Officer Laura Andrews and Jane Doe's contact at the on-campus Violence Intervention and Prevention Center failed to act to prevent continued harassment or protect Jane Doe's identity. Jane Doe was left feeling unsafe without recourse. *Id.* at ¶¶12-13.

On October 15, 2014, Jane Doe dropped out of her classes at Bluegrass Community & Technical College and withdrew from housing at University of Kentucky, due to the trauma of her sexual assault and the subsequent University process. *Id.* at ¶17.

2

As a result of UK's deliberate indifference, Plaintiff was forced to leave the campus and lost her educational opportunities at the University.

On October 20, 2014, Student B appealed the hearing panel's decision. Jane Doe was notified of the appeal, forty-five days later, after the appeals process had concluded. Until that time, she thought the process was over as she had received no notification of the appeal. *Id.* at ¶18. The University Appeals Board ("UAB") decision failed to make any finding Student B was prejudiced by any of the alleged failures of the initial hearings in accordance with University policy on appeals. *Id.* at ¶¶20-22.

Jane Doe was very distraught, as until she was notified on December 4, 2014, she thought Student B had been found responsible with finality in October 2014. *Id.* at ¶18. On December 4, 2014, Jane Doe learned the University would have a second hearing. *Id.* at ¶23. Two University employees counseled Jane Doe not to participate in the second hearing and told her they could use her tape from the first hearing, as well as the police report, for the second hearing. *Id.* at ¶24. Based on that counsel, Jane Doe submitted a notice of reasons she chose not to participate including the significant trauma she was experiencing. *Id.* University officials were well-aware of Jane Doe's distress caused by the appeal process. *Id.*

Student B was again found responsible at the second hearing. *Id.* at ¶25. On December 28, 2014, he appealed the hearing panel's decision. *Id.* at ¶26. Jane Doe had started attending school at a new Bluegrass Community and Technical College campus, again believing the process was over. *Id.* After beginning the spring semester, Jane Doe was shocked when she was notified of the appeal of the second hearing forty-six days

3

after it had been filed. *Id.*

Despite the Dean of Students stating the second appeal was meritless, the UAB granted Student B's appeal again failing to make any finding he was prejudiced. *Id.* at ¶¶27-29. Jane Doe and her mother met with the chair of the UAB, Paul Salamanca, and Denise Simpson from the Dean of Students Office, who said that if Jane Doe participated in a third hearing there would not be another appeal. *Id.* Jane Doe felt she had to participate in the third hearing because the University's actions led her to believe they wanted Student B to return to the University to play football and would take any opportunity to find him not responsible. *Id.* at ¶31.

The notice of a third hearing caused Jane Doe's mental health to deteriorate further and preparation for the third hearing was so time consuming and stressful that on March 12, 2015, Jane Doe was forced to withdraw from her classes for the second semester in a row. *Id.* at ¶32. As a result of UK's continued deliberate indifference, Jane Doe lost her educational opportunities for a second time. *Id.*

Student B was found responsible for sexual misconduct a third time. *Id.* at ¶34. On April 13, 2015, he appealed the third hearing panel's decision. *Id.* at ¶35. Jane Doe was never given a copy of the appeal or the subsequent reply, response, and sur-reply. *Id.* at ¶¶34-35. The Dean of Students again issued a letter stating that the third appeal was meritless. *Id.* at ¶37. Nevertheless, the UAB found the appeal had merit and granted Student B a fourth hearing. . *Id.* Despite its promise there would not be a fourth hearing. The University is now going forward with a fourth hearing. . *Id.* at ¶40. It has not attempted to schedule the hearing in over nine months, despite the fact that this matter has

4

now been pending for more than 480 days.

## III. ARGUMENT

### A. Even post-*Twombly*, a party challenging the sufficiency of a Complaint's allegations pursuant to rule 12(b)(6) faces a substantial burden.

Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6) is to be read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that the Federal Rules require that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."). When ruling on a defendant's motion to dismiss pursuant to Rule 12(b)(6), the reviewing court must accept all of the factual allegations in the complaint as true. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Twombly,* 550 U.S. at 555. *Twombly* provides that a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need "detailed factual allegations." *Twombly,* 550 U.S. at 555. Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* Jane Doe's original Complaint, filed on October 1, 2015, provides enough factual allegations to overcome this burden.

Further, the party seeking dismissal of a complaint bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F. 3d 744, 750 (3d Cir. 2005). The test for this Court to apply is whether the complaint contains allegations,

5

which on their face constitute plausible entitlement to relief. *Twombly,* 550 U.S. at 555. A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Melvin v. Nachi-Fujikoshi Corp.*, 2010 WL 2106726, *1 (W.D. Ky. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Here, Jane Doe has pleaded that the Defendant was aware that she was experiencing significant trauma due to the harassment she experienced because of several on-campus incidents, the lengthy appeals process with no set prompt timeframe, and the failure of the University to provide her with the same notice as Student B, yet the Defendant failed to take reasonable steps to address Jane Doe's concerns, instead continuing its position of isolation and indifference. (Pet'r's Compl. ¶¶12, 13, 18, 32).

The above statements are just a few of many of the facts in Jane Doe's Complaint that allow this Court to draw a reasonable inference that the Defendant was acting with deliberate indifference. It is clear that Jane Doe made the University aware of her concerns, at one point even meeting with the head of the University Appeals Board, but Defendant chose not to act. *Id.* at ¶29.

Detailed factual allegations are not necessary[2] to withstand a challenge to the sufficiency of a complaint's allegations; rather, at this stage of the litigation, a complaint need only "give the defendant fair notice of what the …claim is and the grounds upon which it rests." *Rhodes v. R & L Carriers, Inc.*, 491 F. App'x 579, 582 (6th Cir. 2012).

---

[2] See *Twombly* which specifically provides, "… a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Twombly,* 550 U.S. at 555.

Similarly, a defendant's "contradiction of a point in fact cannot sustain a motion to dismiss." *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 546 (6th Circ. 2011). "In deciding a Fed. R. Civ. P. 12 (b)(6) motion to dismiss, the complaint must be liberally construed and viewed in the light most favorable to the plaintiff." *Burklow v. Local 215 Int'l Bro. of Teamsters*, WL 3354480, *5 (W.D. Ky. 2006). Defendant has not and cannot meet their burden that dismissal of Jane Doe's Complaint is warranted, as Jane Doe has sufficiently alleged: (1) the factual bases for and nature of her claims; (2) Defendant's improper and unlawful conduct; and (3) that her legal claims are plausible at this state of the litigation. Indeed, this Court must accept Jane Doe's factual allegations and the reasonable and necessary inferences from them as true; therefore Defendant's Motion should be summarily denied. *See Handy-Clay v. City of Memphis, Tenn*, 695 F.3d 531, 548 (6th Cir. 2012) ("The district court's construction of Fed. R. Civ. P. 12(b)(6)--crediting the defendant's rather than the plaintiff's version of facts—unduly raises the pleading standard beyond the heightened level of *Iqbal* and *Twombly*, forcing the plaintiff's well-pleaded facts to be not only plausible, but persuasive. That is not the appropriate burden at this stage of the litigation.") As such, the Defendant's 12(b)(6) motion should be denied in its entirety per the legal authority described above.

    **B. The Denial of Educational Benefit is a question of fact for the fact-finder to determine and is not appropriately decided at this time as a matter of law.**

In alleging defects in the Plaintiff's Original Complaint, the Defendant argues that Jane Doe has failed to state a Title IX Claim for a Denial of an Educational Benefit. Whether or not the University was deliberately indifferent is a question for a fact-finder.

7

*Williams ex rel. Hart v. Paint Valley Local School Dist.*, 400 F.3d 360, 368 (6th Cir. 2005) (instructing the jury as to deliberate indifference stating that "[w]here a school district has actual knowledge that its efforts to remediate are ineffective, and it continues to use those same methods to no avail, such district has failed to act reasonably in light of the known circumstances.").

Although the Defendant argues that the University has not acted with deliberate indifference as a matter of law, such a determination cannot be made at this point in the litigation prior to any discovery regarding the actions and communications of the University. The University has already submitted substantial documentation to the court, in support of their memorandum, taking advantage of the access they have to information in the possession of the University. This furthers the claim that this is a question for the fact-finder to decide, and not a question of law to be determined based on the limited documentation provided only by the University.

The University argues that because it took some action, Jane Doe does not have a Title IX claim. As argued by the school district in *Vance*, the University is making the argument that "as long as the school district does something in response to harassment it has satisfied the standard." *Vance v. Spencer County Public School Dist.*, 231 F.3d 253, 260 (6th Cir. 2000). The Sixth Circuit has rejected this argument holding that "Although no particular response is required, and although the school district is not required to eradicate all sexual harassment, the school district must respond and must do so reasonably in light of the known circumstances. . . Where a school district has actual knowledge that its efforts to remediate are ineffective, and it continues to use those same

8

methods to no avail, such district has failed to act reasonably in light of the known circumstances." Jane Doe has set forth in her Complaint sufficient factual allegations for the Court to find that the University failed to act reasonably in light of known circumstances. *See also Thorpe v. Breathitt County Bd. of Educ.*, 8 F.Supp.3d 932, 946 (E.D. Ky. 2014).

Jane Doe has detailed numerous examples of the University's deliberate indifference throughout the on-campus grievance procedure. One particular example is the University's total failure to act promptly despite clear, Federal law requiring the University to take timely and reasonable measures to end harassment. *Vance,* 231 F.3d at 261.[3]

These allegations, along with numerous other allegations in her Complaint, provide a specific framework for relevant discovery and are more than sufficient to alert the defendant "as to particulars of their alleged misconduct" so that they may respond. *Chesbrough v. VPA, P.C.,* 655 F.3d 461, 466 (6th Circ. 2011) (quoting *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.,* 532 F.3d 496, 504 (6th Circ. 2008).

Furthermore, Jane Doe pleads facts that are plausible on their face and establish

---

[3] *See also* the Office for Civil Right's Questions and Answers on Title IX and Sexual Violence which states that "the 60-calendar day timeframe for investigations is based on OCR's experience in typical cases. The 60-calendar day timeframe refers to the entire investigation process, which includes conducting the fact-finding investigation, holding a hearing or engaging in another decision-making process to determine whether the alleged sexual violence occurred and created a hostile environment, and determining what actions the school will take to eliminate the hostile environment and prevent its recurrence, including imposing sanctions against the perpetrator and providing remedies for the complainant and school community, as appropriate. Although this timeframe does not include appeals, a school should be aware that an unduly long appeals process may impact whether the school's response was prompt and equitable as required by Title IX. OFFICE FOR CIVIL RIGHTS, U.S. DEPT. OF EDUC., QUESTIONS AND ANSWERS ON TITLE IX AND SEXUAL VIOLENCE (2014*) available at* http://www2.ed.gov/about/offices/list/ocr/docs/qa-201404-title-ix.pdf.

entitlement to relief. Therefore, the test set forth in *Twombly* is satisfied. *Twombly,* 550 U.S. at 555-56, 570. The allegations provide notice of the claims and the facts, which entitle the Plaintiff to relief under them. *Id.* Thus, the University's motion should be denied.

**C. Jane Doe states a Title IX claim that The University of Kentucky was deliberately indifferent to Plaintiff's known sexual harassment and the sexually hostile environment in which she suffered as demonstrated by its failure to act promptly and equitably pursue resolution of her grievance.**

The relevant part of Title IX provides that "No person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). The Supreme Court has found an implied right of action for individuals to enforce that requirement. *Cannon v. Univ. of Chicago*, 441 U.S. 677, 717 (1979). Jane Doe has brought a claim for known student-on-student sexual harassment, which is "discrimination" under Title IX, setting forth all four factors substantiating her claim. *See Davis v. Monroe Count Bd. of Educ.*, 526 U.S. 629, 650 (1999).

### i. Federal Funding

Turning to the first factor, the defendant must be a recipient of federal funds under Title IX. *Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1293 (11th Cir. 2007). Defendant agrees that they are subject to Title IX. (Def's Mem. Sup. 7). Moreover, as the University admits, sovereign immunity is abrogated for claims under

Title IX.[4]

### ii. Appropriate Persons

Second, "an 'appropriate person,' must have actual knowledge of the discrimination or harassment the plaintiff alleges occurred." *Williams v. Bd. of Regents*, 477 F.3d 1282, 1293 (11th Cir. 2007) (quoting *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998)). Defendant has not made any claim that the appropriate persons did not have knowledge of both the rape, and subsequent harassment. In her Complaint, Jane Doe makes it clear that numerous appropriate persons were aware of her rape, subsequent harassment, and the trauma of the never-ending grievance process of which she did not receive notice, including but not limited to UK Police, UK staff at the on-campus Violence Intervention and Prevention Center, Paul Salamanca, and Denise Simpson from the Dean of Students Office. (Pet'r's Compl. ¶¶ 8, 10, 12, 13, 24, 29). In fact the UAB acknowledged, "We know that [Jane Doe] did not appear at the second hearing because of very real concerns about her health." (Pet'r's Compl. ¶28).

### iii. Claim for Harassment

Under the third *Davis* factor for substantiating a Title IX claim, a funding

---

[4] As the U.S. Department of Justice clarified, "The Eleventh Amendment is no bar to actions brought by private plaintiffs under Title IX to remedy discrimination on the basis of sex. It is the position of the Department of Justice that Section 2000d-7 is an unambiguous abrogation which gives States express notice that a condition for receiving federal funds is the requirement that they consent to suit in federal court for alleged violations of Title IX and the other statutes enumerated. 42 U.S.C. 2000d-7 contains an express statutory abrogation of Eleventh Amendment immunity for Title IX suits. This abrogation is a valid exercise of Congress' power under the Spending Clause to impose unambiguous conditions on States receiving federal funds. By enacting Section 2000d-7, Congress put States on notice that accepting federal funds waived their Eleventh Amendment immunity to discrimination suits under Title IX. In addition, Section 2000d-7 is a valid exercise of Congress' power under Section 5 of the Fourteenth Amendment, which authorizes Congress to enact 'appropriate legislation' to 'enforce' the Equal Protection Clause. Under either power, the abrogation for Title IX suits is constitutional." DEP'T. OF J., TITLE IX LEGAL MANUAL, VII (D), *available at* http://www.justice.gov/crt/title-ix#D.

11

recipient is liable for student-on-student harassment only when it acts with deliberate indifference; that is, where its "response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances." *Davis*, 526 U.S. at 648.

The actions of the University in this case are clearly unreasonable in light of known circumstances. Defendant argues that Jane Doe "only" identifies three examples of harassment, "a pair of students inquiring if she was the one who was raped, comments about Male Student B posted on social media, and a phone call." (Def's Mem. Supp. 10). The Defendant does not even acknowledge the most severe sexual harassment, the rape and sexual assault. (Pet'r's Compl. ¶7). When it comes to Title IX sexual harassment, such as rape, the First Circuit has held that "The effect of such abusive conduct on a victim does not necessarily end with a cessation of the abusive conduct." See *Wills v. Brown Univ.*, 184 F.3d 20, 36–37 (1st Cir. 1999). In this case, the abuse started with rape, continued with the examples cited by Defendant, and was then further continued by the deplorable actions of the University including but not limited to their failure to promptly resolve the appeals, provide Jane Doe with the same notice as Student B, and threats Student B would return to the University to play football if Jane Doe did not participate. (Pet'r's Compl. ¶30).

      iv.    **Denial of Educational Benefit**

The fourth and final factor required under *Davis* is that "the discrimination must be 'so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit.'" *Williams*, 477 F.3d at 1293 (quoting *Davis*, 526 U.S. at 633). In this case, the actions of the University forced Jane to

12

withdraw from school not once, but twice. She lost all the benefits associated with a collegiate education, as well as the benefit of her participation in the dual enrollment partnership between Bluegrass Community and Technical College and the University of Kentucky. Even now, she is fearful the trauma of a fourth hearing may impact her education yet again. Meanwhile, Student B is playing football at another educational institution.

**D.    Jane Doe's Complaint cites numerous failures of the University to follow OCR Guidance which should be considered in the fact-finder's analysis of deliberate indifference.**

While Defendant provides a litany of Office of Civil Rights ("OCR") guidance its written procedures follow, in many cases, as shown in the Complaint the University's written procedures were not followed, or remain incomplete. There is an equally long list of times the OCR guidance's were ignored.

For example, the University failed to act promptly, ignored Jane Doe's complaints of harassment subsequent to the sexual assault, financially penalized her for her withdrawal due to the assault, failed to provide Jane Doe with the same notice as Student B regarding the appeals process, failed to designate prompt stages for the Appeal's process, did not take steps to protect Jane Doe's identity, and likely shared the results of Jane Doe's rape kit with Student B.[5] (Pet'r's Compl. ¶¶13, 15, 17, 18, 40).

The failure of Defendant to abide by OCR is particularly significant because OCR is the agency charged with enforcing Title IX. *See Gebser,* 524 U.S. at 300; *see generally*

---

[5] OFFICE FOR CIVIL RIGHTS, U.S. DEPT. OF EDUC., QUESTIONS AND ANSWERS ON TITLE IX AND SEXUAL VIOLENCE §§ A-5, B-2, C-5, E-1, F-1, F-8 (2014) *available at* http://www2.ed.gov/about/offices/list/ocr/docs/qa-201404-title-ix.pdf.

13

*Johnson v. Galen Health Institutes, Inc.,* 267 F.Supp.2d 679 (W.D.Ky. 2003).

**E.  Jane Doe has not asked the court to interfere with the University's on-going student disciplinary proceedings.**

Jane Doe has not made a motion for the Court to enjoin the on-campus proceeding against Student B. Again, Jane Doe understands the University has dual responsibilities to both respondents and complainants in each and every University grievance procedure. Although the fourth hearing remains pending, if it is ever scheduled, Jane Doe has every expectation Student B will be found responsible, as he has in three prior hearings. She has filed this action because the University has violated her rights under Title IX by remaining deliberately indifferent to known acts of harassment.

**IV.  CONCLUSION**

For all the foregoing reasons, the Court should DENY the Defendant's Motion to Dismiss in all respects.

Dated: January 27, 2016.  /s/ Elizabeth M. Howell
Elizabeth M. Howell
Diana L. Skaggs + Partners, PLLC
623 W. Main Street
Louisville, KY 40202
P: (502) 562-0050
F: (502) 582-3523
Email: Howell@LouisvilleDivorce.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of January, 2016, I electronically filed this document with the Clerk of the Court using CM/ECF system which will send notification of such filing to all counsel of record herein.

/s/Elizabeth M. Howell<br>Elizabeth M. Howell

\\Dlssrv1\ProLaw\documents\Bastardo, Emily\Bastardo,E.001\119856.doc