```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                       CENTRAL DIVISION at LEXINGTON
```

JANE DOE                        )
                                )
    Plaintiff,                  )
                                )   Action No. 5:15-cv-00296-JMH
v.                              )
                                )
UNIVERSITY OF KENTUCKY          )   **MEMORANDUM OPINION**
                                )        **AND ORDER**
    Defendant.                  )
                                )
                                )

                     **      **      **      **      **

This matter involves allegations by Plaintiff, "Jane Doe," that Defendant, the University of Kentucky, violated Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 *et seq.*, following her alleged on-campus, student-on-student sexual assault in October 2014. [DE 1]. Defendant has moved the Court to dismiss the Complaint, or alternatively, to abstain from this matter [DE 5]. Plaintiff responded to the motion [DE 9], Defendant replied [DE 10], and the motion is ripe for decision. Having reviewed the pleadings, and being otherwise adequately advised, the Defendant's motion will be denied.

    **I.    FACTUAL BACKGROUND**

Plaintiff reported she was forcibly raped by another student ("Student B") on October 2, 2014, in her dorm room on the

University of Kentucky (the "University") campus.[1] On October 3, 2014, the University issued a "no contact order" to Student B, suspended him from the University, and convened a hearing panel on October 8, 2014, to initiate a student disciplinary proceeding against Student B.

At the October 8, 2014 disciplinary proceeding, the hearing panel found Student B responsible and in violation of the University Administrative Regulation § 6.2: Policy on Sexual Assault, Stalking, and Relationship Violence ("A.R. § 6.2"), and the University provided notice of the decision by the hearing panel to Plaintiff. On October 15, 2014, Plaintiff states she withdrew from her dual enrollment at the Bluegrass Community and Technical College ("BCTC") and the University, due to the emotional trauma from the assault.

Prior to the hearing, Student B turned himself in to the custody of local law enforcement, pending criminal charges arising from the same incident. Student B requested a one-day continuance of the student disciplinary proceeding because he was in state custody on the schedule hearing date. The hearing panel denied

---

[1] Sometime after the alleged assault, a pair of students visited Plaintiff's dorm room to inquire if she was raped. Also, two comments were posted on a picture that Plaintiff had uploaded to her Instagram account. Specifically, the social media comments stated, "Your ex got arrested for rape charges", and asked, "Dnt [sic] u [sic] know him?" These facts, while not determinative of the outcome, are listed here to be considered among the various facts Plaintiff has pled.

his request, and consequently, Student B was not present for his student disciplinary proceeding on October 8, 2014. Student B appealed the decision of the hearing panel to the University Appeals Board (the "UAB"). The UAB issued a written ruling on December 4, 2014, finding violations of Student B's due process rights by the hearing panel and setting aside the hearing panel's decision. At a second hearing on December 18, 2014, a hearing panel again found Student B in violation of A.R. § 6.2.

On December 28, 2014, Student B filed an appeal of his second hearing, and in a February 9, 2015 opinion, citing the inadmissibility of recorded testimony introduced at the second hearing, the UAB reversed the decision of the second hearing panel and ordered a third hearing for March 26, 2015. Meanwhile, Plaintiff had begun classes in the spring semester at a different BCTC campus but "[t]he notice of a third hearing caused Jane Doe's mental health to deteriorate further and was so time consuming that" she withdrew from classes again on March 12, 2015 [DE 1, Comp. ¶ 32].

At the third hearing the panel again found Student B responsible for violating A.R. § 6.2. Asserting a number of errors by the hearing panel in the third disciplinary proceeding, Student B appealed the hearing panel's decision of the third hearing panel. In its June 9, 2015 ruling the UAB determined Student B was improperly prohibited from whispering with his advisor at the third

3

hearing, among other procedural violations.  The record does not reflect that the University took any further action in this matter after the June 9, 2015 UAB opinion.  Plaintiff filed this action on October 1, 2015, seeking injunctive relief and damages.

## II.  STANDARD OF REVIEW

In ruling on Defendant's Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Jones v. City of Cincinnati*, 521 F2d 555, 559 (6th Cir. 2008). The Court is not bound to accept as true "recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

## III. TITLE IX DAMAGES

Plaintiff alleges she suffered a loss of educational opportunities, financial harm, and emotional distress as a result of the University's poor handling of the allegations against

Student B.  In *Davis, Next Friend of LaShonda D. v. Monroe County Bd. of Educ.*, 526 U.S. 629, 639 (1999), the Supreme Court held that a school district's "failure to respond to student-on-student harassment in its schools can support a private suit for money damages" against the school.  The defendant concedes sovereign immunity is abrogated for Title IX claims against the University for injunctive relief and money damages [Def.'s Mem. Supp. Mot. Dismiss, pg. 16-17, DE 5-1].  *See Franks v. Kentucky Sch. for the Deaf*, 142 F.3d 360, 363 (6th Cir. 1998)(holding that ". . . Congress made its intention to abrogate the states' Title IX immunity unmistakably clear, and it had the authority to do so pursuant to Section 5 of the Fourteenth Amendment . . ." where a student sued a school district for failure to take action that could have prevented her rape by another student.)  The defendant argues that to the extent Plaintiff makes any claims that are outside of this abrogation of immunity under Title IX, those claims against the University are barred by Eleventh Amendment sovereign immunity.  Upon review of the Complaint it appears the plaintiff does not make any such claims.

There are three *prima facie* elements for a Title IX claim arising from student-on-student sexual harassment: (1) the harassment is so severe, pervasive, and objectively offensive that it deprives the Plaintiff access to educational opportunities or benefits provided by the university; (2) the funding recipient had

5

actual knowledge of the sexual harassment; and (3) the funding recipient was deliberately indifferent to the harassment. *Soper v. Hoben*, 195 F.3d 845, 854 (6th Cir., 1999) (summarizing the holding in *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629 (1999)). The parties do not dispute that the University of Kentucky is a recipient of federal funding and financial assistance for purposes of 20 U.S.C. § 1681 (a).

Sexual assault of the violent nature described in plaintiff's complaint "obviously qualifie[s] as being severe, pervasive, and objectively offensive sexual harassment that could deprive [the victim] of access to the educational opportunities provided by her school" *Soper*, 195 F.3d 845, 855 (6th Cir. 1999). Thus, Plaintiff has satisfied the first element of a Title IX claim as it relates to the assault.

To demonstrate Defendant's actual knowledge of the harassment in a case based on a sexual assault, a plaintiff may show the university had preexisting knowledge of the harasser's prior misconduct. *See, e.g.*, *Williams v. Bd. of Regents of the Univ. System of Georgia*, 477 F.3d 1282, 1293 (11th Cir. 2007) (finding that the defendants' "preexisting knowledge of [the harasser]'s past sexual misconduct"--committed against people other than the plaintiff--"is relevant when determining" whether the plaintiff had stated a claim under Title IX). Plaintiff does not allege that anyone at the University possessed any actual knowledge of

misconduct by Student B prior to October 2014. The University admits it had actual knowledge of the alleged rape of Plaintiff when she reported it on October 2, 2014 and all of Plaintiff's claims relate to the University's actions after the alleged rape.

The most difficult question before the Court, however, is whether the University's actions, as set forth in Plaintiff's Complaint, sufficiently demonstrates deliberate indifference on behalf of the University to withstand Defendant's motion to dismiss.

Defendant responded immediately to Plaintiff's allegation of sexual assault by issuing a no contact order and suspending Student B the day after Plaintiff reported the assault. Additionally, Defendant scheduled the first disciplinary hearing just six days after the reported assault to determine whether Student B's conduct violated A.R. § 6.2.

It was at this point, however, that the University's handling of this matter took a dramatic downhill turn. It is undisputed the University bungled the disciplinary hearings so badly, so inexcusably, that it necessitated three appeals and reversals in an attempt to remedy the due process deficiencies.[2] The

---

[2] This is not the first time that the Court has been made aware of Constitutional deprivations in the University's student disciplinary proceedings. *See Doe v. Hazard, 152 F.Supp.3d 859, (E.D. Ky. Jan. 2015)*. While those deprivations have been corrected by the University's internal appellate process, the Court suggests it is time for the University to get its act together. The Court hopes the University's General Counsel, his staff, and the many lawyers at the college of law can somehow come up with a procedure that does not result in multiple

7

disciplinary hearings were plagued with clear errors, such as conducting a hearing without Student B's presence, and refusing to allow Student B to whisper to an advisor during the proceeding (as only two examples of several obvious errors), that resulted in multiple appeals spanning months, profoundly affected Plaintiff's ability to obtain an education at the University of Kentucky (the Court suspects this lengthy process profoundly affected Student B as well).

The facts, up to and including the third UAB decision, are insufficient to show "deliberate indifference" on the part of the University. "[A] plaintiff may demonstrate defendant's deliberate indifference to discrimination 'only where the recipient's response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances.' *Vance v. Spencer Cty. Pub. Sch. Dist.*, 231 F.3d 253, 260 (6th Cir. 2000). The Court agrees with Defendant that Student B has a right to due process and a procedurally sound disciplinary hearing. Although it was a protracted process due to the errors in the hearings, the facts pled show the University took significant action and did not act with deliberate indifference regarding Plaintiff's sexual assault allegations during the three hearings and appeals.

---

appeals on blatant constitutional deprivations in disciplinary hearings in the future.

8

The Court holds, however, that Plaintiff has pled sufficient facts to render her claim of deliberate indifference plausible on its face regarding the University's actions—or, more accurately, lack of action—after the third appeal decision. According to Plaintiff's October, 10, 2015 Complaint and January 27, 2016 Memorandum in Support of Plaintiff's Response to the Motion to Dismiss, the University had not scheduled a fourth disciplinary hearing as of those dates. The University has not offered any explanation for its failure to schedule a fourth hearing (at least, as of January 2016) or otherwise bring this matter to a final resolution. Even if the University viewed this lawsuit as a bar to scheduling the fourth disciplinary hearing, that does not explain the four months between the third UAB decision and the filing of the Complaint in this case, in which the University apparently took no action. According to Defendant, this matter is still a pending disciplinary proceeding at the University [Def.'s Mem. Supp. Mot. Dismiss, p. 19, DE 5-1].[3]

Plaintiff alleges, upon information and belief, that the failure to schedule a fourth hearing is because the University is hesitant to interrupt Student B's football schedule at his new school. Viewing these allegations as true, as the Court must in evaluating a Rule 12(b)(6) motion, Plaintiff has pled "sufficient

---

[3] It is ironic that the University would not delay Student B's disciplinary hearing for one day when he was in jail, yet allow it to languish for so long after the third reversal.

9

factual matter" to render the legal claim plausible: that the University was deliberately indifferent to her complaint of sexual assault on campus by failing to take any action (for whatever reason) after the third appeal to conclude or finalize this matter. See *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949-50, (2009). Failing to take any action to conclude this matter is "clearly unreasonable." *Vance* at 260.

## IV. ABSTENTION

Defendant briefly argues in its motion that pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), this Court must abstain from proceeding with this case. The Court disagrees and holds *Younger* abstention does not apply in this circumstance.

*Younger* requires the Court to abstain from enjoining state civil proceeding where a pending proceeding is akin to a criminal prosecution or implicates a state's "interest in enforcing the orders and judgements of its courts." *Sprint Communications, Inc. v. Jacobs*, 134 S.Ct. 588 (2013); *Huffman* v. *Pursue, Ltd.*, 420 U.S. 592 (1975); *Pennzoil Co.* v. *Texaco Inc.*, 481 U.S. 1 (1987). The *Younger* doctrine only includes: (1) state criminal prosecutions; (2) civil enforcement proceedings; and (3) and "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *New Orleans Public Service Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 367-368. The University's disciplinary process is

10

a quasi-judicial proceeding akin to a criminal prosecution. See *Doe v. Hazard*, 152 F.Supp.3d 859, (E.D. Ky. Jan. 2015) (in which this Court provides a detailed analysis of this issue where Plaintiff requested injunctive relief to enjoin the University of Kentucky from continuing its disciplinary action).

The *Younger* abstention doctrine applies when, "there are state proceedings that are (1) currently pending; (2) involve an important state interest; and (3) will provide the federal plaintiff with an adequate opportunity to raise his or her constitutional claims." *Habic v. City of Dearborn*, 331 F.3d 524, 530 (6th Cir. 2003). Based on the uncontroverted facts in Plaintiff's Complaint, the Court finds the disciplinary hearing is currently pending (and Defendant admits the same). The proceeding involves important state interests: enforcement of the school's sexual assault policy and safeguarding Student B's due process rights.

It is the third element of *Younger* abstention, however, in which this case does not neatly fit. It is not the "federal plaintiff" (Jane Doe) in this case who would raise constitutional challenges to the proceedings, but the accused. It is clear that Student B has the opportunity to raise constitutional challenges to the University disciplinary proceedings, as he has already done so several times and prevailed. It appears Plaintiff does not have any constitutional claims that could be raised in the

disciplinary proceeding, as the rights afforded the accused are not extended to victims, and her claims in this matter are against the University for monetary damages arising out of its actions, not the alleged assault by Student B.

The Court concludes that the facts of this case do not fit into the framework of *Younger* abstention. Plaintiff requested "[i]njunctive relief to be determined at trial requiring UK to comply with federal law under Title IX." [DE 1, Comp. pg. 11]. The Court is hesitant to intervene at this juncture; however, because Plaintiff has not requested immediate preliminary relief, the issue of whether injunctive relief is appropriate may be decided at a later time. For the reasons stated above, the Court will deny Defendant's motion to dismiss Plaintiff's claims for equitable relief.

## V. CONCLUSION

The Court being sufficiently advised, and for the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Dismiss [DE 5] is **DENIED.**

This the 31st day of August, 2016.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge