UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) Case No. 5:15-cv-296-JMH |
| | ) |
| v. | ) |
| | ) |
| UNIVERSITY OF KENTUCKY, | ) **MEMORANDUM OPINION & ORDER** |
| | ) |
| Defendant. | ) |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

This matter is before the Court upon Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) [DE 60] and Plaintiff's Motion to Clarify [DE 65]. Both motions have been fully briefed. The Defendant attached to its Motion and memorandum fifteen extrinsic documents to support its argument that Plaintiff was not protected by Title IX due to her status as a Bluegrass Community and Technical College (BCTC) student. Plaintiff responded to the substance of Defendant's arguments in her reply, but also argued in her Motion to Clarify that Defendant's motion should be treated as a Rule 56 motion because it included exhibits outside the pleadings, and that she should be permitted to take discovery related to Defendant's arguments based on the fifteen exhibits prior to a ruling on Defendant's Rule 12(b)(6) motion, if the Court intends to consider the exhibits.

1

Courts appear to be split on the reach of Title IX to non-students, and make the determination based, at least in part, on the specific circumstances at issue. See *Armstrong v. James Madison University*, 2017 WL 2390234 *7, n. 14 (W.D.Va. Feb. 23, 2017)(Defendant argued the plaintiff was not protected by Title IX because he was not a student, "but it is unclear whether this argument is entirely correct. Under Title IX, a covered 'program or activity' includes 'all of the operations of . . . a college, university, or other postsecondary institution[.]'"); *but see Lopez v. San Luis Valley, Bd. Of Co-op Educational Services*, 977 F. Supp. 1422, 1425 (D. Colo. 1997)(Principal sued the Board of Cooperative Educational Services for Title IX violations; Court held that "Plaintiff clearly does not fit either of the first two categories as she is not a student and was not attempting to garner either participation in or the benefits of the BOCES program. . . . Indeed, many courts, in dicta, have limited the range of proper Title IX plaintiffs to students and program employees.")

The Court agrees with the parties that Defendant's motion goes far beyond the limitations of a Rule 12(b)(6) motion by presenting matters outside the pleadings and is therefore properly construed as a Rule 56 motion. "When a court considers matters outside the pleadings in a Rule 12(b)(6) motion, Rule 12(d) requires that the motion must be treated as one for summary judgment under Rule 56. A district court may convert the

motion *sua sponte.* This conversion, however, should be exercised with great caution and attention to the parties' procedural rights." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 487 (6th Cir. 2009)(internal citations and quotation marks omitted). Because the issue of whether Plaintiff is protected by Title IX as a BCTC student residing in the University of Kentucky's dormitory is potentially dispositive of this case, and because Defendant asks the Court to consider numerous documents outside the pleadings to make this determination, Plaintiff must be "given a reasonable opportunity to present all the material that is pertinent to [Defendant's] motion." Fed. R. Civ. P. 12(d). It would be unjust for the Court to consider Defendant's exhibits without providing Plaintiff the opportunity to obtain discovery and present her own evidence regarding the relationship between Plaintiff, BCTC, and the University of Kentucky.

Accordingly, and for the reasons stated herein, **IT IS HEREBY ORDERED** as follows:

(1) Plaintiff's Motion to Clarify [DE 65] is **GRANTED**;

(2) The parties shall have 60 days from the date of this Memorandum Opinion and Order in which to engage in limited discovery related to Defendant's argument that "because the plaintiff was never a student at the University of Kentucky, she has not been deprived of

educational opportunities at the University of Kentucky."

(3) Within 15 days after the close of the limited discovery period, the parties shall file supplemental briefs, if desired. The supplemental briefs may not exceed 15 pages, exclusive of exhibits.

(4) Defendant's Motion to Dismiss [DE 60] is hereby **HELD IN ABEYANCE** until the expiration of the time limits set forth herein.

(5) No extensions of time will be granted without good cause shown.

This the 10th day of August, 2018.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge